Amadou BATHILY, Petitioner,

v.

Michael B. MUKASEY, Attorney General,[1] Respondent.

No. 05–3614–ag.

United States Court of Appeals, Second Circuit.

Aug. 5, 2008.

Amadou Bathily, pro se, New York, New York, for Petitioner.

John F. Wood, United States Attorney; Earl W. Brown III, Assistant United States Attorney, Springfield, Missouri, for Respondent.

PRESENT: Hon. PIERRE N. LEVAL, Hon. GUIDO CALABRESI, Hon. BARRINGTON D. PARKER, Circuit Judges.

---

1. Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Michael B. Mukasey is automatically substituted for former Attorney General Alberto R. Gonzales as a respondent in this case.

## SUMMARY ORDER

Petitioner Amadou Bathily, an ethnic Fulani and alleged native of Mauritania, seeks review of a June 20, 2005 order of the BIA affirming the January 8, 2004 decision of Immigration Judge ("IJ") Elizabeth A. Lamb denying his application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Amadou Bathily,* No. A 75 563 922 (B.I.A. June 20, 2005), *aff'g* No. A 75 563 922 (Immig.Ct.N.Y.City, Jan. 8, 2004). We assume the parties' familiarity with the underlying facts and procedural history in this case.

When the BIA summarily affirms the decision of the IJ without issuing an opinion, *see* 8 C.F.R. § 1003.1(e)(4), this Court reviews the IJ's decision as the final agency determination. *See, e.g., Twum v. INS,* 411 F.3d 54, 59 (2d Cir.2005). This Court reviews the agency's factual findings, including adverse credibility findings, under the substantial evidence standard, treating them as "conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B); *see, e.g., Zhou Yun Zhang v. INS,* 386 F.3d 66, 73 & n. 7 (2d Cir.2004). However, we will vacate and remand for new findings if the agency's reasoning or its fact-finding process was sufficiently flawed. *Cao He Lin v. U.S. Dep't of Justice,* 428 F.3d 391, 406 (2d Cir.2005).

An asylum applicant's nationality is a threshold question in determining his eligibility for asylum, *see Wangchuck v. Dep't of Homeland Security,* 448 F.3d 524, 528 (2d Cir.2006), and in this case the IJ found that Bathily failed to meet his burden of proof in establishing his identity. The IJ, however, did not consider two documents that were material to Bathily's identity as a Mauritanian refugee: (1) a document from the Ministry of the Interior Division of Foreign Police stated that Bathily was "matriculated" as a Mauritanian refugee since September 1990; and (2) a document from the mayor of the commune of Guediawaye stated that Bathily lived in the "Mauritanian Refugee Camp of Thilogne" from October 1996 until October 1997. As we have held that the agency must evaluate "self-evidently" material documents, *see Shou Yung Guo v. Gonzales,* 463 F.3d 109 (2d Cir.2006), and we conclude that these documents bear directly on Bathily's alleged identity as a Mauritanian refugee, the IJ's failure to address them was error requiring remand. *See id.* at 115.

For the foregoing reasons, the petition for review is GRANTED, the decision of the BIA is VACATED, and the case REMANDED for further proceedings consistent with this order. As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(d)(1).